1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY GEROME YOUNG,

11              Plaintiff,                    No. CIV S-03-2225 GEB KJM P

12        vs.

13   J.  PULSIPHER, et al.,

14              Defendants.           <u>ORDER</u>

15   _____/

16              Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C.

17   § 1983.  On September 12, October 27[1] and November 3, 2005, he filed motions to compel

18   discovery.  He also filed requests for judicial notice, related to ongoing, often acrimonious,

19   discovery disputes with defendants on October 7 and 19, 2005.

20              The background to these disputes is this: On May 12, 2005, the court issued

21   scheduling and discovery orders, setting September 9, 2005 as the date by which discovery

22   should be completed and any motions to compel discovery should be filed.

23              On September 27, 2005, defendants filed a request to permit them to respond to

24   certain of plaintiff's discovery requests.  On October 4, 2005, the court issued an order permitting

25   _____

26        [1]  Plaintiff's October 27, 2005 opposition to defendants' request for an extension of time
     in which to comply with plaintiff's discovery requests also contains a motion to compel.

1    defendants to respond to the discovery requests by October 17, 2005, with the responses to be

2    deemed timely.   The court also gave the parties additional time to litigate motions to compel

3    based on the October 17, 2005 responses.  Defendants later received a further extension of time,

4    until October 24, 2005, in which to respond to the discovery requests.

5    I.  The September 12, 2005 Motion To Compel Discovery

6              A.  First Request For Production And Interrogatories

7              Plaintiff alleges he sent his first request for production of documents on or about

8    June 17, 2005, to defendants Pulsipher, Steever, Bick and Andreasen.  9/12/05 Motion (9/12

9    Mot.), Exs. A & B.   He also complains that defendants Andreasen, Steever, Bick and Pulsipher

10   did not respond to the first set of interrogatories, mailed on or about June 17, 2005.  Id., Exs. F-I.

11             The court's granting of defendants' motion to act beyond the original discovery

12   cutoff and their subsequent request for an extension of time as to this set of discovery disposes of

13   this portion of plaintiff's motion to compel: it is denied as to the first set of interrogatories and

14   requests for production of documents.   Plaintiff's claim that counsel's office was able to respond

15   to several of the discovery requests when counsel was in the hospital does not undercut counsel's

16   showing that he was unable to supervise the discovery process because of scheduled surgery and

17   unscheduled complications from the surgery.  9/27/05 Opposition (9/27 Opp'n), Decl. of William

18   Cashdollar.

19             B.  The Second Request For Production And Interrogatories

20             Plaintiff also challenges defendants' handling of his second request for production

21   of documents, mailed on or about June 28, 2005 to Pulsipher, Steever, Bick and Andreasen.  9/12

22   Mot., Ex. C.  He concedes defendants have responded to the second request for production of

23   documents, but alleges the response to four of the requests[2] was inadequate.  He specifically

24   describes the response to number 7, an invocation of the attorney-client privilege, as improper

25

26           [2]  Plaintiff identifies request number 7 explicitly, but then suggests other responses were
     inadequate as well.

1   because the claim of attorney-client privilege is not legitimate.  Id. at 7.  He also suggests the

2   privilege was waived when defendants filed their motion to dismiss, relying on "work product

3   and privilege not only going back to 1991, but as far back as 1986."  Id. at 8.

4           Defendants identify the responses to request numbers 2, 5, 6, and 7 as those

5   plaintiff believes to be inadequate, and address each in turn.

6           Requests 2 and 5 ask for the production of "lockup orders" issued to plaintiff for

7   refusing a bed move and "all written statements . . . or any other reports" on plaintiff's medical

8   condition.   In response to these requests defendants referred plaintiff to his central file and his

9   unified health file, both of which are available for inspection and copying.  In his "Request For

10  Judicial Notice" filed October 19, 2005 (docket no. 35), plaintiff advised the court he had been

11  given access to his medical records.  In accordance with his wishes, plaintiff's motion to compel

12  medical records in response to request 2 is denied as moot.

13          In support of  his reply to defendants' opposition, plaintiff attaches declarations

14  from other inmates and from himself, setting out his inability to gain access to his central file for

15  review.  10/13/2005 Reply, Declarations of Gerald Righetti, La 'Velle Reed, Danny Young.

16  While the party providing the records need not provide copies to the requesting party, it must

17  make them available for inspection and copying.  Cardenas v. Dorel Juvenile Group, Inc., 230

18  F.R.D. 611, 619-20 (D. Kan. 2005); Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459,

19  461 (M.D. Ala. 2001).  Plaintiff's difficulties in gaining access to his records show that

20  defendants have failed to make the records available within the meaning of the rule.

21  Accordingly, counsel for defendants is directed to take the necessary steps to ensure plaintiff's

22  access to his central file in response to requests 2 and 5.

23          In requests 6 and 7, plaintiff seeks "written statements . . . identifiable as

24  comments, instructions, memorandum or any other reports from attorney(s) previous to the

25  present litigation" concerning plaintiff's medical condition and "all written statements . . .

26  concerning any litigation concerning plaintiff's medical condition . . . ."  Defendants argue that

3

1   these requests call for material protected by the attorney-client and work product privileges.

2   They also argue that some of the materials plaintiff seeks will be available in his central file.

3   Defendants have not complied with Federal Rule of Civil Procedure 26(b)(5), for they have not

4   provided a "privilege log" describing "the nature of the documents, communications, or things

5   not produced or disclosed in a manner that . . . will enable other parties to assess the applicability

6   of the privilege or protection" nor have they made any attempt to satisfy their burden of showing

7   the privileged nature of the materials.  The motion to compel as to requests 6 and 7 will be

8   granted.  <u>Green v. Baca</u>, 219 F.R.D. 485, 491 (C.D. Cal. 2003); <u>Disidore v. Mail Contractors of</u>

9   <u>America, Inc.</u>, 196 F.R.D. 410, 413 (D. Kan. 2000).

10              Plaintiff challenges defendant Pulsipher's response to his second set of

11   interrogatories in particular and argues that his objections were waived because they were not

12   mailed within the thirty day time period established by Federal Rule of Civil Procedure 33(b)(3)

13   & (4).

14              Defendant Pulsipher's response was timely.  Plaintiff mailed the interrogatories on

15   July 7, 2005; Pulsipher mailed his response on August 15, 2005.  9/12 Mot., Exs. B & Q, within

16   the forty-five day limit established by paragraph two of the court's May 12, 2005 discovery

17   order.  Although plaintiff relies on the thirty-day limit of Federal Rule of Civil Procedure

18   33(b)(3), the rule explicitly provides that the court may direct a shorter or longer time for

19   response, as it did here.

20              In his reply to defendants' opposition, plaintiff also complains about defendant

21   Pulsipher's response to various interrogatories and asks that an attorney be permitted access to

22   the California Medical Facility to take pictures as plaintiff's "investigator," matters not raised in

23   his September 12 motion.  The court declines to consider issues raised for the first time in a

24   reply.  <u>Curcio Webb, LLC v. National Benefit Programs Agency, Inc.</u>, 367 F.Supp.2d 1191, 1207

25   & n.28 (S.D. Ohio 2005); <u>see</u> <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994).

26   /////

4

1    The court finds no basis for the imposition of monetary sanctions, as requested by

2 plaintiff in this motion to compel.  The initial total failure to reply to certain of plaintiff's

3 discovery requests flowed from counsel's illness; the other matters of which plaintiff complains

4 do not rise to the level of sanctionable conduct.

5 II.  The October 27, 2005 Renewed Motion For Sanctions

6    Plaintiff objected to defendants' first request for an extension of time and renewed

7 his request for sanctions, suggesting that counsel for the defendants had not been truthful in his

8 representations to the court.   First, plaintiff suggests that defendant Pulsipher's October 17, 2005

9 response to a second set of interrogatories was in fact the same document served on plaintiff in

10 August.  10/27/05 Motion (10/27 Mot.) at 2-3.  Plaintiff's claim is, at the very least, frivolous.

11 As his Exhibit B shows, the August answers were objections to the interrogatories as exceeding

12 the limits imposed by Federal Rule of Civil Procedure 33(a), while the October response

13 provided substantive answers to the questions posed.   Second, while plaintiff is correct that

14 defendant Pulsipher's responses to the second set of interrogatories served in September and

15 October were different in only minor respects, he has received the discovery he requested.  This

16 scenario does not support the imposition of sanctions.

17    Plaintiff also challenges defendant Steever's responses to plaintiff's first set of

18 interrgatories as not verified and therefore invalid.  10/27 Mot. at 4.  Defendants have provided a

19 copy of defendant Steever's verification, sent to plaintiff on October 18, 2005.  Plaintiff has not

20 shown how this delay in receiving the verification has prejudiced him in any way.

21    Finally, plaintiff suggests that defendant Steever answered interrogatories

22 propounded to defendant Bick.  This suggestion, too, can be described as frivolous at best: a

23 comparison of the interrogatories sent to defendant Steever and his answers show that he

24 responded to the questions posed to him.  10/27 Mot., Exs. 5 (Steever Interrogatories) & D

25 (Steever Answers).

26    Plaintiff's renewed motion will be denied.

III.  Plaintiff's November 3, 2005 Motion To Compel

        Plaintiff's last motion to compel is based on defendants' supplemental responses to the first set of interrogatories and request for production.

        A.  Defendant Pulsipher's Response To Request For Production

        Plaintiff challenges defendant Pulsipher's response to four of his requests, 5, 16, 17 and 19.

        In request 5, plaintiff requested the movement logs showing the transfer of inmates from M-1 to H-2 in 2001.  Defendants objected on the ground that the request was too broad and called for confidential information about other inmates.  11/3/2005 Motion (11/3 Mot.), Ex. A at 4-5.  Plaintiff argues that he seeks the name of the inmate in H-2 who was given the bed designed for plaintiff, allegedly as a result of a deal that inmate made with defendant Pulsipher.  11/3 Mot. at 4.

        In his complaint and in the motion to compel, plaintiff notes that the bed designed for him was in J-153, not in H-2.  11/3 Mot. at 4; Compl. at 8.   The movement records plaintiff seeks therefore would not lead to the discovery of relevant evidence.  Plaintiff's late attempt to change the focus of his request is unavailing.

        In request 16, plaintiff sought "all written statements . . . identifiable as entries in the Log Book . . . in H-2 from April 1, 2001 through June 2, 2004, concerning plaintiff."  11/3 Mot., Ex. A at 8.  Defendants objected on the ground that this request was overly broad and burdensome because it would require a review of three to four log books of 300 pages each, with thirty-seven lines of handwritten notes per page.  Id. at 9; 11/17/2005 Opposition (11/17 Opp'n) at 6.  Plaintiff contends these entries will show his complaints and that the defendants' refusal to act on them showed deliberate indifference to his medical needs.  He also agrees to limit his request to the time period of May 31, 2001 through February 23, 2002.

        This portion of the motion should be granted, limited to the time period plaintiff was housed in H-2.  See Seattle Times Company v. Rhinehart, 467 U.S. 20, 35-36 (1984)

1   (construing Washington state rule based on rule 26, court recognized trial court's ability to

2   modify discovery requests to prevent abuse, oppression and injustice).  The relevance standard of

3   Federal Rule of Civil Procedure 26(b)(1) "has been construed broadly to encompass any matter

4   that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or

5   may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  In this case,

6   plaintiff's complaints about his bed may be relevant to prove defendants' deliberate indifference.

7   Farmer v. Brennan, 511 U.S. 825, 837 (1994) (a plaintiff must show that defendants knew of and

8   disregarded an excessive risk to his health or safety).

9           In request 17, plaintiff seeks "all written statements . . . maintained by the housing

10  officer in M-1 from January 1991 through July 1, 2001."  Defendants objected that the request

11  was vague and burdensome, because the task would be "enormous, timing [sic] consuming and

12  unduly expensive."  11/3 Mot., Ex. A at 9.  In his motion to compel, plaintiff suggests the task

13  would not be so enormous because he was assigned to M-1 for seven, not ten years, and he could

14  review the entries himself for information showing "who ordered alteration of plaintiff's

15  bed. . . ." 11/3 Mot. at 5.

16          While relevance for discovery purposes must be construed broadly, "discovery . . .

17  has ultimate and necessary boundaries." Oppenheimer Fund, 437 U.S. at 351 (internal quotations

18  omitted).  Pretrial discovery has "a significant potential for abuse," and "may seriously implicate

19  privacy interests of . . . third parties." Seattle Times, 467 U.S. at 34-35.  Plaintiff's request, even

20  limited to the seven years he was assigned to M-1, is overbroad.   Plaintiff is not entitled to

21  unbridled access to the log books that contain information about other inmates as well as himself.

22  Moreover, he has provided the court no way in which to fashion a discovery order that would not

23  unduly burden the defendants.  Plaintiff no doubt can identify the period during which his bed

24  was modified, information that would assist the court in responding to his motion; he has not

25  done so.  This portion of the motion to compel is denied.

26  /////

1       In request 19, plaintiff asked for information concerning the change of unit M-1

2  from a medical to a mental health wing and the resulting move of the M-1 medical inmates to

3  H-2.  Defendants objected on the grounds that the request was vague and the information sought

4  irrelevant.

5       While not all of the potentially responsive documents appear relevant, any

6  information on the need to insure that an inmate's medical needs that were being met on M-1

7  would continue to be met on H-2 meets the broad standard of relevance under the federal rules.

8  So limited, the motion to compel should be granted.

9       B.  Defendant Andreasen's Interrogatory Responses

10       Plaintiff asks the court to direct defendant Andreasen to answer interrogatory

11  numbers 26 through 30.  Defendant's objection – that plaintiff did not secure the court's

12  permission to propound more than the twenty-five interrogatories permitted by Federal Rule of

13  Civil Procedure 33(a) – is well taken.  This portion of the motion to compel will be denied.

14       C.  Request For Monetary Sanctions

15       The court does not find defendants' declining to provide certain discovery so

16  egregious as to warrant the imposition of monetary sanctions, in the context of the discovery

17  responses made without a court order.

18       D.  Plaintiff's November 28, 2005 Reply

19       Plaintiff once again attempts to litigate additional problems he perceives with

20  defendant Pulsipher's responses to interrogatories served on plaintiff in September 2005.  The

21  court declines to entertain these objections because they are contained in a reply and raised

22  outside the time limits for motions to compel set by this court.

23  IV.  Plaintiff's Requests For Judicial Notice

24       On October 7 and 19, 2005, plaintiff filed three documents he entitled "requests

25  for judicial notice."  The document filed on October 7 is simply additional argument in support

26  /////

1   of the September 3, 2005 motion to compel.  This is not the subject of a proper request for

2   judicial notice.  Fed. R. Evid. 201.

3              Of the two requests filed on October 19, 2005, one is a further objection to

4   defendants' request for an extension of time (docket no. 36).  This request, too, is improper.  The

5   second request is simply a notification of plaintiff's withdrawing his motion to compel insofar as

6   he sought access to his medical records (docket no. 35).  Once again, this document is not a

7   proper request for judicial notice, but to the extent it provided information to the court, it will be

8   granted as noted above.

9   V.  <u>Defendants' Motion To Prevent Plaintiff From Filing Duplicative Motions</u>

10             Plaintiff's motions dealt with different discovery requests.  As such they were

11  overlapping, and not duplicative.  Moreover, as the time for filing discovery motions is closed,

12  defendant's motion will be denied as unnecessary.

13             Accordingly, IT IS ORDERED that:

14             1.  As to plaintiff's September 12, 2005 motion to compel discovery:

15             A.  Counsel for defendants shall facilitate plaintiff's access to his central

16  file within thirty days of the date of this order; to this extent only, the motion to compel

17  defendants to respond to requests 2 and 5 of his second request for the production of documents

18  is granted.

19             B.  Plaintiff's motion to compel the production of documents in response

20  to requests 6 and 7 of his second request for production of documents is granted.

21             C.  The motion is denied in all other requests.

22             2.  Plaintiff's October 27, 2005 renewed request for the imposition of sanctions is

23  denied in all respects.

24  /////

25  /////

26  /////

3.  As to plaintiff's November 3, 2005 motion to compel:

     A.  The request to defendant Pulsipher for the production of documents is granted as to request 16, limited to the time period between May 31, 2001 through February 23, 2002.  These documents should be provided to plaintiff within thirty days of the date of this order.

     B.  The request to defendant Pulsipher for production of documents is granted as to request 19, but limited to any documents or information discussing the need for continuity of medical care or accommodation of inmates after their transfer from M-1 to H-2. These documents should be provided to plaintiff within thirty days of the date of this order.

     C.  The motion is denied in all other respects.

4.  As to plaintiff's requests for judicial notice:

     A.  The October 7, 2005 and October 19, 2005 requests (docket nos. 31, 36) are denied.

     B.  The October 19, 2005 request (docket no. 35) is granted.

5.  Defendants' December 1, 2005 motion for an order directing plaintiff to cease filing duplicative motions is denied.

6.  The time for filing dispositive motions is extended to February 13, 2006.  The remaining future dates in the scheduling order of May 12, 2005 are vacated, to be reset if necessary after the resolution of dispositive motions or at the expiration of the time for filing such motions.

/////

/////

/////

/////

/////

/////

1         7.  In light of number 6 above, defendants' December 15, 2005 request for an

2    extension of time is denied as moot.

3    DATED:   December 29, 2005.

4

5                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9    2/youn2225.dsc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11