IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY GEROME YOUNG,

    Plaintiff,                   No. CIV S-03-2225 GEB KJM P

    vs.

J. PULSIPHER, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On July 7, 2006, he filed a request for permission to submit an additional document, recovered from a box of records returned to him by correctional authorities after he had filed his opposition to defendants' motion for summary judgment. Defendants have not opposed the motion.

/////

/////

/////

/////

/////

/////

1

1  A court may consider only admissible evidence in support of a motion for
2  summary judgment.  <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002).

> Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a) . . . [U]nauthenticated documents cannot be considered in a motion for summary judgment.

6  <u>Id</u>.; <u>Hal Roach Studios v. Richard Feiner and Company, Inc</u>., 896 F.2d 1542, 1550-51 (9th Cir.
7  1989).  Because the "Inmate Request For Interview" form is not authenticated, the court will not
8  consider it unless plaintiff authenticates it within thirty days of the date of this order.  Should
9  plaintiff not do so, the court will not consider this exhibit in its resolution of the pending motion
10 for summary judgment.
11             IT IS SO ORDERED.
12 DATED:  December 1, 2006.

_____
U.S. MAGISTRATE JUDGE

2
youn2225.ord