IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY GEROME YOUNG,

    Plaintiff,                     2:03-cv-2225-GEB-KJM-P

    vs.

J. PULSIPHER, et al.,

    Defendants.         ORDER
_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On February 2, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Defendants have filed objections to the findings and recommendations and plaintiff has filed a reply to these objections.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case.  The Magistrate Judge's findings and recommendations are supported by the record , except for the finding that Dr. Andreasen does

1

not prevail on his qualified immunity defense against Plaintiff's Eighth Amendment claim. The question concerning this defense is whether the law governing Dr. Andreasen's actions clearly establishes that a reasonable state doctor in the situation Dr. Andreasen confronted could not have reasonably but erroneously believed it was appropriate to rely on correctional officers to act in accordance with the chronos Dr. Andreasen issued on Plaintiff's behalf and because of Plaintiff's medical condition. Dr. Andreasen issued chronos authorizing Plaintiff to receive a cookie sheet bed or alternatively to place his mattress on the floor. Considering the evidence in light most favorable to Plaintiff reveals the failure of a correctional staff member to comply with Dr. Andreasen's chronos is unfortunate, but it cannot be said that a reasonable state doctor in Dr. Andreasen's situation "would have clearly understood that the risk of serious harm [to Plaintiff] was so high" that Dr. Andreasen was required to directly insure compliance with his chronos rather than relying on a custody official to institute the chronos. <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1051 (9th Cir. 2002). Therefore, summary judgment is entered in favor of Dr. Andreasen on his qualified immunity defense against Plaintiff's Eighth Amendment claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 2, 2007, are adopted in part, as stated above; and

2. The motion for summary judgment is granted as to defendants Bick, Steever, and Andreasen.

Dated: March 26, 2007

GARLAND E. BURRELL, JR.
United States District Judge

2