IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY GEROME YOUNG,

        Plaintiff,                    No. CIV S-03-2225 GEB KJM P

  vs.

J. PULSIPHER, et al.,

        Defendants.        <u>ORDER</u>

                                        /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On February 2, 2007, the court entered the following order:

> Within thirty days of the date of this order, defendant Pulsipher is ordered to provide plaintiff with documents on the need to ensure the transfer of inmates from M-1 to H-2 in May 2001 would not result in a disruption of any of their medical needs, including the distribution list for any such document, and with any documents Pulsipher consulted and the names of people he interviewed when he investigated plaintiff's complaints about his bed. If no such information exists, defendant should so notify plaintiff.

On March 2, 2007, defendant Pulsipher sent the following response to plaintiff:

> To date, Defendant was unable to locate the documents referred to as "documents on the need to ensure the transfer of inmates from M-1 to H-2 in May 2001 would not result in a disruption of any of their medical needs, including the distribution list for any such document" despite reasonable inquiry. These documents if they still exist are not within Defendant Pulsipher's possession, custody or control.

1

1  |  Moreover, Defendant Pulsipher did not conduct an investigation into Plaintiff's complaint about his bed assignments. On the occasions when Plaintiff talked to Defendant Pulsipher about his bed assignment, Defendant Pulsipher would "investigate" by verifying plaintiff's housing. Defendant Pulsipher verified Plaintiff's housing by looking in control at the bed assignment cards and Plaintiff's bed assignment appeared to be appropriate when checked. As such, documents containing names of people Defendant Pulsipher interviewed do not exist.

The bed cards were three inch by five inch cards with a photo of the inmate and his bed assignment. These cards were kept in the control room. To date, Defendant has been unable to locate these bed cards. Moreover, Defendant Pulsipher does not recall the exact dates when Plaintiff talked to him regarding his bed assignment.

Opposition to Motion To Compel (Opp'n), Attach. 1.

On March 24, 2007, plaintiff filed a motion to compel, arguing, in essence, that defendant Pulsipher is not being truthful about the scope of his investigation into plaintiff's complaint about his bed.

Plaintiff relies on several statements in Pulsipher's declaration in support of his motion for summary judgment. Plaintiff points to Pulipher's statement that, "In reviewing the housing and movement records for the time period I was working in Unit one, there is evidence that inmate Young's needs were considered and that he was appropriately housed based upon the documented bed assignments." Opp'n, Attach. 2, Ex. A ¶ 17; Motion to Compel (MTC) at 2. The court does not interpret this section to refer to investigations undertaken at the time of plaintiff's complaints about the bed, but in preparation for the motion for summary judgment.

Plaintiff also relies on defendant Pulsipher's statement that, "When he [plaintiff] informed me of a particular need, I acted to investigate to ensure that he was properly housed." Opp'n, Attach. 2, Ex. A ¶ 21. In his response to the court's order, Pulsipher explains that in conducting this investigation, he consulted bed cards, which he cannot now locate. Opp'n, Attach. 1. This explanation of the scope of his investigation does not show that there are undisclosed documents relating to any investigation.

1 | It does appear that defendant Pulsipher has given different accounts of his
2 | assignment to Unit One. Compare Opp'n, Attach. 2, Ex. A ¶ 4 ("I was assigned to Unit One at
3 | CMF . . . from June 26, 2000 through April 28, 2003) and MTC, First Set of Interrogatories,
4 | Response to No. 6 ("I was assigned to Unit One . . . following the changes described in
5 | interrogatory number six . . . ."). This does not translate into a finding that Pulsipher is
6 | misleading the court about the existence of any documents and the court declines to make such a
7 | finding. Nevertheless, the court reminds defendant Pulsipher of his continuing duty to provide
8 | discovery if he learns the responses were in some material respect incorrect or incomplete and
9 | the information has not otherwise been made available to plaintiff. Fed. R. Civ. P. 26(e)(2).
10 | Accordingly, IT IS HEREBY ORDERED that plaintiff's March 26, 2007 motion
11 | to compel discovery is denied.
12 | DATED: May 23, 2007.

_____
U.S. MAGISTRATE JUDGE

2
youn2225.mtc