IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY GEROME YOUNG,

    Plaintiff,                     No. CIV S-03-2225 KJM P

    vs.

J. PULSIPHER, et al.,

    Defendants.               ORDER

_____/

       Plaintiff is a state prison inmate proceeding with counsel with a civil rights action under 42 U.S.C. § 1983 alleging that defendant Pulispher was deliberately indifferent to his serious medical needs. Plaintiff has filed a motion for leave to file an amended complaint; defendant has filed a motion to strike plaintiff's objections to defendant's exhibits and a motion to bifurcate the trial on punitive damages. As the latter two motions are more properly addressed at the time of trial, the court will not address them in this order.

       Under Rule 15(a)(1)(B), (2) of the Federal Rules of Civil Procedure, once a responsive pleading has been filed, a plaintiff must obtain leave of the court before he may file an amended complaint. Although leave to amend should be freely given, the court must also determine whether "justice so requires." Id.; Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004). In assessing the propriety of a motion for leave to amend, a court considers five factors:

1

(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 809 (9th Cir. 2004). A motion to amend may be denied if the amendment would be futile or would prejudice the opposing party or when the plaintiff "knew or should have known of the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Corporation v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation & citation omitted); Johnson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (prejudice to the opposing party); Nunes, 375 F.3d at 818 (futility alone can justify the denial of a motion).

Plaintiff seeks to add state law claims of negligence and breach of contract. He argues that the negligence claim is based on a relatively new state Court of Appeal decision recognizing the "special relationship" between jailer and inmate, which would support a negligence claim under California law. Giraldo v. California Department of Corrections and Rehabilitation, 168 Cal.App.4th 231 (2008). He also contends that a 1990 settlement agreement concerning plaintiff's medical care in prison gives rise to a breach of contract claim.

The court declines to decide the applicability of Giraldo to a situation that does not involve a jailer's duty to protect an inmate from violence at the hands of a third party and it similarly declines to consider whether the breach of contract claim is barred in light of the fact that the settlement agreement played a prominent role in plaintiff's pro per complaint. The court finds that the proposed amendment both as to the negligence and contract claims would be futile.

Under California's Tort Claims Act, California Government Code §§ 900 et seq., a suit for money or damages may not be brought against a public employee unless a claim has been presented to and rejected by the public entity. Cal. Gov't Code § 945.4. Accordingly, a condition precedent to the state-law claims against the Department of Corrections and Rehabilitation and its employees is a timely claim to the Board of Control. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240 (2004); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988). A complaint that does not allege facts showing

compliance with the presentation requirement does not state a cause of action under state law. <u>Bodde</u>, 32 Cal. 4th at 1239. Plaintiff makes no claim of compliance and so his state law claims are inadequately pled and subject to dismissal; permitting amendment would be futile.

Plaintiff's motion also asks to continue the trial date, but this portion of the motion is moot as the continuance already has been granted in open court. <u>See</u> Docket No. 173.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (docket no. 151) is denied; and

2. The jury trial date of November 16, 2009 is confirmed.

DATED: September 21, 2009.

_____
U.S. MAGISTRATE JUDGE

2
youn2225.15(a)